UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 25-CV-20540- WPD

KRISTINA WATSON

        Plaintiff,

vs.

NCL (BAHAMAS) LTD., A BERMUDA COMPANY,

        Defendant.
_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT WITNESSES AND AMEND SCHEDULING ORDER DEADLINES

Plaintiff, **KRISTINA WATSON**, by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 6(b), respectfully moves for a short extension of time to disclose expert witnesses and for a corresponding amendment of pretrial deadlines.

**I.  Procedural Background**

1. On March 28, 2025, the Court entered its **Order Setting Trial and Pretrial Deadlines** (D.E. 12), setting this matter for trial during the two-week period beginning **June 1, 2026**.

2. Under that Order, Plaintiff's expert disclosure deadline is **November 3, 2025**; Defendant's rebuttal expert disclosure is due **December 3, 2025**; and discovery closes **November 14, 2025**.

3. No prior extensions have been requested or granted. The modification sought herein will not affect the dispositive-motion deadline or the trial setting.

**II.  GROUNDS FOR EXTENSION**

1

4. This case arises from Plaintiff's fall in the Garden Café on Deck 12 aboard the Norwegian Jade. A forensic inspection of the flooring surface, lighting, and other conditions in that area is essential for Plaintiff's maritime-safety expert to properly analyze the relevant factors, including the coefficient of friction, and formulate the opinions required by Federal Rule of Civil Procedure 26(a)(2).

5. After months of diligent follow-up by Plaintiff's counsel concerning the vessel's availability, Defendant confirmed on October 6, 2025, that the vessel could be inspected in San Diego, California, on October 26, 2025. Defendant represented this was the earliest practicable date available based on the vessel's itinerary.

6. The inspection date of October 26, 2025, leaves Plaintiff's expert with only eight (8) days to analyze the collected data, conduct any necessary testing, and prepare a comprehensive, compliant Rule 26(a)(2) report before the current November 3, 2025 deadline. This compressed timeframe is insufficient to ensure a thorough and accurate expert analysis.

7. Defendant consents to the vessel inspection but, inexplicably, refuses to consent to the short extension of pretrial deadlines that is a necessary consequence of the inspection schedule it provided.

### III.   DEFENDANT'S FAILURE TO SUPPLEMENT DISCOVERY CONTRIBUTED TO DELAY

8. Under Federal Rule of Civil Procedure 26(e)(1), a party has a continuing duty to "supplement or correct its disclosure or response … in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect."

9. This obligation extends to information concerning the location and availability of the vessel for inspection under Rule 34(a)(2). Throughout the summer of 2025, while Plaintiff sought an inspection date, Defendant represented the Norwegian Jade was deployed in Alaska. Defendant

was aware that the vessel's itinerary included ports such as Seattle, Washington—the home base of Plaintiff's designated expert—which would have permitted a much earlier inspection.

10. Defendant failed to supplement its prior representations and disclose these earlier opportunities for inspection. Instead, Defendant remained silent until Plaintiff's counsel reinitiated communications, ultimately leading to the late-October inspection date. This failure to comply with its Rule 26(e) duties directly contributed to the current scheduling conflict.

### IV.   GOOD CAUSE EXISTS FOR A MODEST EXTENSION

11. A scheduling order may be modified for good cause. Fed. R. Civ. P. 16(b)(4). Good cause exists when a deadline "cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). District courts possess "broad discretion in deciding how best to manage the cases before them." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997).

12. Plaintiff has acted with diligence throughout. The scheduling issue at hand is not due to any lack of diligence by Plaintiff but results directly from Defendant's exclusive control of the vessel's schedule and its failure to timely provide a workable inspection date.

13. There is no bad faith on the part of Plaintiff and no prejudice to the Defendant. The requested adjustment simply accommodates the logistical reality that Plaintiff's expert requires a reasonable amount of time following the October 26, 2025, inspection to prepare his report. This modification will not impact any deadline for dispositive filings or the trial date.

*[Intentionally left blank]*

## V. PROPOSED AMENDED DEADLINES

14. Plaintiff requests the following limited extensions to align the case deadlines with the vessel inspection date while preserving the existing trial schedule:

| **Deadline** | **Current** | **Proposed** |
|---|---|---|
| Plaintiff's Expert Disclosures: | **November 3, 2025** | **November 25, 2025** |
| Defendant's Rebuttal Expert Disclosures: | **December 3, 2025** | **December 26, 2025** |
| Discovery Cutoff: | **November 14, 2025** | **January 15, 2026** |
| Mediation Deadline: | **January 15, 2026** | **January 22, 2026** |

## VI. RULE 7.1(a)(3) CERTIFICATION OF CONFERRAL

15. Counsel for Plaintiff has conferred with Defendant's counsel, Garrett Keane, regarding this motion. Defendant has indicated that it **opposes** the requested extension.

**WHEREFORE**, Plaintiff, **KRISTINA WATSON**, respectfully requests that this Honorable Court grant this Motion and enter an Order amending the pretrial deadlines as set forth above.

Date: October 9, 2025

**By:/s/ Michael A. Hoffman**
Michael A. Hoffman, Esq.
mahoffman@1800askfree.com
**DAVID W. SINGER & ASSOC., P.A.**
1011 South Federal Highway
Hollywood, Florida 33020
Ofc. (954) 920-1571
*Attorneys for Plaintiff*
