UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 25-CV-20540-DIMITROULEAS/D'ANGELO

KRISTINA WATSON,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.

_____/

### DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCLOSE EXPERT WITNESSES AND AMEND SCHEDULING ORDER

Defendant, NCL (Bahamas) Ltd., ("Norwegian"), files this Motion in Opposition to Plaintiff's Motion for Extension of Time [ECF No. 16]. The Court should deny Plaintiff's motion because Plaintiff has failed to demonstrate good cause for the requested extension and will not suffer material prejudice from denial of the motion.

1. This is a maritime personal injury action arising from an alleged slip-and-fall incident while Plaintiff was a passenger onboard the *Norwegian Jade* on February 18, 2024. Plaintiff alleges she slipped and fell on liquid in the walkway area of the Garden Café on Deck 12.

2. Pursuant to the Court's Order Setting Trial [ECF No. 10], all discovery must be completed by November 14, 2025, and trial is set for the two-week period of March 16, 2026.

3. In contradiction to Plaintiff's representations, Plaintiff, not Norwegian, is responsible for the vessel inspection taking place on October 26, 2025. To better understand the issues, it is necessary to review the timeline relating to Plaintiff's request.

4. On May 8, 2025, Plaintiff's counsel requested to conduct a ship inspection and stated a preference for Florida. That same day, Norwegian's in-house counsel, Todd Sussman, informed Plaintiff's counsel that the vessel would be sailing in Alaska until mid-October and would not return to the East Coast until February 27, 2026. Mr. Sussman directed Plaintiff's counsel to review the itinerary posted on NCL.com and to provide proposed ports and dates that would work for his office. [*See* Correspondence attached as Exhibit 1].

5. On September 26, 2025, Plaintiff's counsel requested—for the first time since their May 8th email—to inspect the vessel in San Diego on either October 18 or 26, 2025.

6. On September 30, 2025, Plaintiff's counsel modified the request, specifying October 26, 2025 as the preferred date. Norwegian promptly accommodated this request and began coordinating the inspection.

7. As shown in the email exchange, Norwegian fully satisfied its obligations under Rule 26 by responding to Plaintiff's inspection request and asking for proposed ports and dates. Once Norwegian made that request, it became Plaintiff's responsibility to provide the requested information. Norwegian had no duty to remind Plaintiff's counsel to respond to its correspondence. Importantly, once Plaintiff provided the requested information, Norwegian promptly made the vessel available for inspection.

8. Conversely, Plaintiff's counsel's inaction caused the delay in scheduling the inspection. He waited four months to respond to Mr. Sussman's correspondence requesting the necessary port and date information. Had he checked the vessel's itinerary, he would have known

where and when the vessel was sailing for the foreseeable future. Plaintiff's counsel's firm is an experienced cruise-litigation firm that routinely advertises its expertise in this area. [*See* Plaintiff's counsel's firm website attached as Exhibit 2]. It is reasonable to expect that counsel understands how to locate and interpret a vessel itinerary, particularly when instructed to do so by Norwegian's counsel. Despite this, Plaintiff's counsel failed to propose a date and place for the inspection until September 28, 2025. Therefore, the resulting delay was caused by Plaintiff's failure to respond.

9. Regardless, Plaintiff will not suffer any material prejudice without an extension because after undersigned counsel entered an appearance on October 9, 2025, the Parties have agreed to a discovery plan that that allows sufficient time to conduct the vessel inspection on October 26, exchange expert reports, and complete expert depositions within the current deadlines.

10. For these reasons, the Court should reject Plaintiff's request for an extension because the discovery delays were caused by Plaintiff's failure to diligently pursue discovery and Plaintiff will not be materially prejudiced from the denial of the motion as the current schedule allows adequate time to complete discovery.

## Memorandum of Law

Norwegian respectfully requests this Court deny Plaintiff's Motion for Extension of Time for failing to demonstrate good cause required to grant an extension. Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). "To establish good cause, the party seeking the extension must demonstrate that the schedule could not be met despite the party's diligence." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685 (11th Cir. 2013).

Courts routinely deny extensions where, as here, a party's inability to comply with deadlines is the result of a party's own scheduling choices. *See Ashmore*, 503 F. App'x at 686

(affirming the lower courts order denying the plaintiff's motion to extend discovery after Plaintiff's considerable delay in beginning the scheduling process); *see also Ferreira-Silva v. Aw Prof'l & Maint. Serv.*, No. 0:21-cv-61442, 2022 LEXIS U.S. Dist. LEXIS 130076, at *5–6 (S.D. Fla. May, 17, 2022) ("A plaintiff's 'carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.'") (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Here, Plaintiff's request for an extension stems entirely from her own delay in scheduling the ship inspection—not from any circumstance outside her control. Plaintiff has therefore failed to establish the requisite good cause under Rule 16(b). Further, denying the extension will not result in material prejudice. The Parties have already agreed on a plan that allows for the inspection, expert disclosures, and expert depositions within the current deadlines. Thus, Plaintiff has not shown that the discovery deadline cannot be met with reasonable diligence.

**WHERERFORE**, Norwegian respectfully requests that this Court deny Plaintiff's Motion for Extension of Time. Plaintiff has failed to demonstrate good cause for the requested extension and will not suffer material prejudice from the denial of the motion. The Court should maintain the established deadline and deny the motion in its entirety.

### [ECF No. 17] Verification Statement

Pursuant to this Court's Order [ECF No. 17], undersigned counsel verifies that Norwegian responded to Plaintiff's request for a ship inspection with a request for proposed dates for the inspection. On September 30, 2026, when Plaintiff proposed a date and place to inspect the vessel as requested, Norwegian promptly coordinated the inspection.

By: /s/ *Garrett P. Keane*  
GARRETT KEANE

CASE NO.: 25-CV-20540-WPD

Respectfully submitted,

MASE SEITZ BRIGGS, P.A.
*Attorneys for Defendant*
2601 South Bayshore Drive, Suite 800
Miami, Florida 33133
Telephone: (305) 377-3770
Facsimile: (305) 377-0080

By:     /s/ *Garrett P. Keane*
        GARRETT P. KEANE
        Florida Bar No.: 1010256
        gkeane@maselaw.com
        ALYSSA M. CAMPA
        Florida Bar No.: 1059139
        acampa@maselaw.com